UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARK A. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-306 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") [Doc. 15] filed by United States Magistrate Judge H. Bruce Guyton on May 2, 2011. In the R&R, Magistrate Judge Guyton found that the Commissioner's decision is supported by substantial evidence. Accordingly, the magistrate judge recommended that plaintiff's motion for summary judgment [Doc. 9] be denied and that defendant's motion for summary judgment [Doc. 13] be granted.

Plaintiff filed objections to the magistrate judge's report and recommendation [Doc. 16]. Defendant has not filed a response to plaintiff's objections. For the reasons discussed below, the Court determines that plaintiff has raised only one specific objection to the R&R and that his other arguments are not specific objections and will therefore not be treated as such.

**I.      Standard of Review**

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which a party's specific objections unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Although the Court is required to engage in *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment and previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. Further, the U. S. Court of Appeals for the Sixth Circuit has explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

**II.     Analysis**

Plaintiff's objections to the R&R [Doc. 16] repeat, almost verbatim, the arguments plaintiff made in his brief in support of his motion for summary judgement [*see* Doc. 10]. His arguments are that the ALJ's residual functional capacity determination was not supported by substantial evidence; the ALJ failed to consider plaintiff's mental impairment; and the ALJ failed to properly consider plaintiff's disabling pain. Alternatively, plaintiff requests that the Court remand this case to the ALJ for the purpose of considering new evidence which arose since the ALJ denied his claim.

Plaintiff's one specific objection to the R&R is that it is not clear why certain evidence was not presented at plaintiff's hearing on January 29, 2008, and that the magistrate judge did not acknowledge that at the hearing, plaintiff was represented by a non-attorney and not by an attorney. Upon the Court's review of the R&R, the transcript, and the underlying pleadings, the Court finds that the magistrate judge addressed the evidence noted by plaintiff that was not presented at the hearing and found there not to be a reasonable probability that this evidence "would [have] change[d] the ALJ's disability decision." [Doc. 15, p. 18]. Further, from the Court's review of the record, and because plaintiff has not presented the Court with any other argument, the Court can discern no reason why the presence of an attorney would have changed this determination. Accordingly, plaintiff's one specific objection is overruled.

Therefore, and because plaintiff largely recites, almost verbatim, the same arguments considered by Magistrate Judge Guyton, *de novo* review of plaintiff's arguments would make

the original referral to the magistrate judge useless and would waste judicial resources. *See Howard*, 932 F.2d at 509. Accordingly, the Court does not consider plaintiff's other arguments to be specific objections to the R&R and it will not engage in a *de novo* review of these arguments.

Besides the one objection noted, and because no other proper objection was timely filed, the Court will treat any other objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Magistrate Judge Guyton found that there was substantial evidence to support the Commissioner's decision. The Court has carefully reviewed this matter, including the transcript and underlying pleadings [Docs. 9, 10, 13, 14], and is in agreement with Magistrate Judge Guyton's recommendation, which the Court adopts and incorporates into its ruling.

### III. Conclusion

Plaintiff's objection [Doc. 16] is **OVERRULED**, plaintiff's motion for summary judgment [Doc. 9] is **DENIED**, and defendant's motion for summary judgment [Doc. 13] is **GRANTED**. The Court **ACCEPTS IN WHOLE** the R&R [Doc. 15] and the decision of defendant Commissioner denying plaintiff's application for supplemental security income benefits will be **AFFIRMED**. This case will be **DISMISSED** and an appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE